

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00437-CV

———————————————————

DAVIE HARRISON, Appellant

V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-299043-18

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Davie Harrison attempts to appeal from four interlocutory orders signed on October 24, 2019: separate orders denying Harrison's motion to reconsider and motion to vacate an August 15, 2019 order that granted defendant State Farm Mutual Automobile Insurance Company's plea to the jurisdiction and dismissed Harrison's claims against State Farm; an order denying Harrison's motion for sanctions against State Farm; and an order denying Harrison's motion for a default judgment against State Farm.

We have jurisdiction over appeals from final judgments and from specific types of interlocutory orders made appealable by statute. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. To be final and appealable, a judgment must dispose of all parties and all issues. *Lehmann*, 39 S.W.3d at 195.

Although the trial court dismissed the suit against State Farm, that order is not final because the trial court has not disposed of Harrison's claims against other defendants. Although Harrison has filed a motion to sever the claims against State Farm, the trial court has not ruled on that motion. Thus, the order dismissing State Farm is not final. And no statute allows an interlocutory appeal from the trial court's order granting a plea to the jurisdiction and dismissing claims against a party other than a governmental unit. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

Accordingly, we dismiss Harrison's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: January 9, 2020